IN THE SUPREME COURT OF THE STATE OF KANSAS

CCR Nos. 1536-01-2017
1536-01-2018


In the Matter of JESSICA K. BELCHER,
*Respondent.*


ORIGINAL PROCEEDING IN DISCIPLINE


Original proceeding in discipline. Oral argument held September 15, 2023. Opinion filed July 26, 2024. Certificate revoked.

*Todd N. Thompson,* appointed disciplinary counsel for the State Board of Examiners of Court Reporters, argued the cause and was on the formal complaints for the petitioner.

No appearance by respondent.


PER CURIAM: These two cases are original proceedings in discipline filed by the State Board of Examiners of Court Reporters, in its prosecutorial capacity, against respondent, Jessica K. Belcher, a court reporter. These proceedings were heard by our court on September 15, 2023. The Board appeared by Todd Thompson, disciplinary counsel. Belcher did not appear.


BACKGROUND

On December 8, 2003, this court issued Belcher a certificate as a certified court reporter after she successfully passed an examination by the Board. In 2017, after it received the first of two complaints against Belcher, the Board appointed Todd Thompson to investigate and potentially prosecute disciplinary proceedings against her. On June 6, 2019, Thompson filed two separate Formal Complaints and Notices of

1

Hearing, alleging respondent engaged in conduct that violated the provisions of Rules Adopted by the State Board of Examiners of Court Reporters, Supreme Court Rule 367 (2024 Kan. S. Ct. R. at 460), as follows:

- Board Rule No. 9.F.5 (2024 Kan. S. Ct. R. at 464)—Commission of any felony or misdemeanor if the misdemeanor is substantially related to the functions and duties of a court reporter or if the misdemeanor erodes public confidence in the integrity of the court system; and
- Board Rule No. 9.F.11—Refusal to cooperate in an investigation conducted by the Board or obstructing such investigation.

The allegations in the Formal Complaints related to assertions contained in the two complaints and from Belcher's purported failure to cooperate with the Board's investigations into those complaints. After being served with the Formal Complaints and Notices of Hearing, Belcher filed no Answer and did not otherwise participate in any of the proceedings to date.

On February 3, 2021, the Formal Complaints came before the Board in its judicial capacity for hearing. The Board in its prosecutorial capacity appeared by Todd Thompson. Belcher did not appear. At the conclusion of the formal hearing, the Board made the following Findings of Fact and Conclusions of Law:

"*Findings of Fact.*

"[*1536-01-2017*]

"1. Respondent previously worked as a court reporter at the Wyandotte County District Court.

2

"2.      Respondent was all times relevant hereto a court reporter subject to the Rules of the State Board of Examiners of Court Reporters.

"3.      In October, 2017, Respondent attempted to blackmail her former boyfriend, deputy [M.B.], by threatening to 'out' him to 'everyone' and to 'blast [his] ass all over Facebook' if he did not pay her $2,000.

"4.      Respondent threatened to publish 'pictures, emails, everything,' and demanded [M.B.] 'pay up' if he wanted her to 'keep [her] mouth closed.'

"5.      Pictures of texts sent from Respondent to [M.B.] were admitted as Exhibit A, and read as follows:

'On October 25, 2017:

'[7:32 PM] Respondent:  I need $2,000.

'[7:33 PM] Respondent:  What's your daughter's number?

'[7:35 PM] Respondent:  That's okay. I have her Facebook accounts.

'[7:36 PM] Respondent:  If you don't pay me $2,000 by the end of this week, I'm letting everyone know about you, plain and simple.

'[7:36 PM] Respondent:  I have pictures, emails, everything. If you want me to keep my mouth closed, pay up.

'[7:37 PM] Respondent: I will blast your ass all over my Facebook and I have thousands of friends. No sweat off my back, just elation.

'[7:39 PM] Respondent: You can make this difficult all you want, but please know I'm outing you if I don't get the money.

3

'[7:39 PM] Respondent:

'On October 26, 2017:

'[Unknown] Respondent: And you can talk to your friends all you want to. I will tell everyone that you and a lady named Crystal or Christina we're [*sic*] helping spread . . .'

"6.     On or about October 28, 2017, Respondent sent to [M.B.'s] daughter's phone what he described as derogatory pictures.

"7.     On November 16, 2017, the Honorable R. Wayne Lampson filed a Complaint against Respondent with the Board of Examiners of Court Reporters, Complaint No. 1536-01-2017.

"8.     On December 6, 2017, the Board sent a copy of the Complaint to Respondent via certified mail to the Wyandotte County Courthouse.

"9.     On January 8, 2018, the Board mailed an annual renewal letter to Respondent at the Wyandotte County Courthouse.

"10.    On January 9, 2018, the Board sent copies of the Complaint to Respondent via certified mail to the Wyandotte County Courthouse and to Respondent's last known home address.

"11.    On February 7, 2018, the Board sent a second annual renewal letter to Respondent to her last known home address.

"12.    Respondent never responded to any attempt to contact her.

"13.    The Board requested Special Investigator Terry Morgan to serve Respondent with the Complaint and with a letter from the Board.

4

"14.     On June 23, 2018, Investigator Morgan attempted to contact Respondent at her last known home address.

"15.     A woman outside the apartment building told Investigator Morgan that Respondent moved out several months ago and did not tell anyone where she was moving to.

"16.     On June 26, 2018, Investigator Morgan located Respondent at the Clay County Courthouse in Liberty, Missouri, and served her with a letter from the Board containing the Lampson Complaint.

"17.     Respondent read the Lampson Complaint, and said to Investigator Morgan: 'Fuck you. And tell Judge Lampson: "Fuck you!"'

"18.     Respondent was given 20 days to provide a written answer to the Complaint.

"19.     The 20-day period expired July 8, 2018, and Respondent made no response.

"*Conclusions.*

"1.     The Board finds by clear and convincing evidence that Respondent violated the provisions of Rule 367 No. 9.F.5, and Rule 367 No. 9.F.11.

"2.     Respondent violated . . . the Rules (i) when she attempted to blackmail her ex-boyfriend, [M.B.], by threatening to defame him on Facebook if he did not pay her $2,000 (a violation of two Kansas felony statutes, K.S.A. 21-6206 (Harassment by telecommunication device) and K.S.A. 21-5428 [Blackmail]); and (ii) by refusing to cooperate in an investigation conducted by the Board.

"*Recommendation.*

"The Board recommends that Respondent's certificate be revoked."

5

"[*1536-01-2018*]

"*Findings of Fact.*

"1. Respondent previously worked as a court reporter at the Wyandotte County District Court.

"2. Respondent was all times relevant hereto a court reporter subject to the Rules of the State Board of Examiners of Court Reporters.

"3. On July 14, 2018, Respondent committed several assaults at a shelter in Missouri.

"4. Respondent slammed a child's fingers in a door, and called the child an 'ugly asshole.'

"5. Respondent got into a verbal argument with [L.Y.], another resident at the shelter.

"6. Respondent became aggressive, and began shoving a shelter employee.

"7. In the lobby of the shelter, Respondent threatened multiple residents, stating: 'I can kill you.' 'You are all dope heads that use the system[,]' and 'I can get back in no problem.'

"8. Respondent told one girl she was 'going to fuck her up.'

"9. Lee's Summit Police Department officers arrived at the shelter to investigate.

"10.    Officer Erica Osborn observed that [L.Y.'s] daughter's fingers were 'slightly swollen.'

"11.    Officer Kent Miller observed Respondent driving away from the shelter, and stopped her.

"12.    Respondent was transported by Officer Miller to detention.

"13.    In detention, Respondent began telling Officer Osborn that she had a mental disorder and she was not sure if she was mentally stable.

"14.    Officer Osborn began explaining to Respondent what Respondent was being charged with, and Respondent began screaming at Officer Osborn.

"15.    Respondent was charged with two citations for assault: GOG #170439528 and GOG #170438529.

"16.    Respondent was the named defendant in *Lee's Summit v. Jessica Kizziah Belcher*, Case No. 170439529.

"17.    On October 2, 2018, Special Investigator William C. Delaney personally served Respondent with a copy of the Board's Complaint.

"18.    The Complaint included a letter from the Board dated September 13, 2018, and a copy of the Lee's Summit Police Department's Complaint No. 1-18-006240, which details the events at the shelter.

"19.    Respondent was given 20 days to provide a written answer to the Complaint.

"20.    The 20-day period expired October 22, 2018, and Respondent made no response.

"*Conclusions.*

"1.     The Board finds by clear and convincing evidence that Respondent violated the provisions of Rule 367 No. 9.F.5, and Rule 367 No. 9.F.11.

"2.     Respondent acted in violation of the foregoing Rules by (i) verbally and physically assaulting individuals at a shelter in Lee's Summit, Missouri, including slamming a child's fingers in a door (a violation of Kansas battery statutes, K.S.A. 21-5413, had it occurred in Kansas), shoving a shelter employee, and verbally threatening people with physical violence and death; and (ii) by refusing to cooperate in the investigation conducted by the Board.

"*Recommendation.*

"The Board recommends that Respondent's certificate be revoked."

DISCUSSION

In court reporter discipline cases, "[t]he Board may, based upon clear and convincing evidence," impose certain discipline or recommend discipline for the Supreme Court to impose. Rule 367, Board Rule No. 9.E. of the Rules Adopted by the State Board of Examiners of Court Reporters. Based on the record, we find Belcher was sufficiently notified of each Formal Complaint and Notice of Hearing and also of the hearing before this court.

So we must first determine whether the Board's Findings of Fact are supported by clear and convincing evidence.

"Clear and convincing evidence is 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."' '"In making this determination, the court does not weigh conflicting evidence, assess witness credibility, or redetermine questions

8

of fact. If a disputed finding is supported by clear and convincing evidence, it will not be disturbed."' [Citations omitted.]" *In re Morton*, 317 Kan. 724, 740, 538 P.3d 1073 (2023).

In our independent review of the record, and because the parties do not contest them, we find the Board's findings of fact are supported by clear and convincing evidence.

"As in any disciplinary proceeding, once we have ascertained the evidence sufficiently proved, we will consider that evidence, along with the parties' arguments to determine whether the rules applicable to court reporters were violated and, if so, what discipline to impose." *In re Rogers*, 318 Kan. 365, 369, 543 P.3d 549 (2024). Thus, we next turn to the Board's conclusions that respondent committed the violations of:

- Board Rule No. 9.F.5 (commission of any felony or misdemeanor if the misdemeanor is substantially related to the functions and duties of a court reporter or if the misdemeanor erodes public confidence in the integrity of the court system); and
- Board Rule No. 9.F.11 (refusal to cooperate in an investigation conducted by the Board or obstructing such investigation).

In Kansas, the crime of harassment by telecommunication device is a misdemeanor crime. K.S.A. 21-6206(b). Blackmail is defined as:

> "intentionally gaining or attempting to gain anything of value or compelling or attempting to compel another to act against such person's will, by threatening to: (1) Communicate accusations or statements about any person that would subject such person or any other person to public ridicule, contempt or degradation; or (2) disseminate any videotape, photograph, film or image obtained in violation of K.S.A. 21-6101(a)(6) or (a)(8), and amendments thereto." K.S.A. 21-5428(a).

9

Blackmail is a felony crime. K.S.A. 21-5428(b). See also K.S.A. 21-5301(c) (attempt to commit felony scored as a felony).

Battery, as defined in K.S.A. 21-5413, is a crime of physical contact. It can be either a felony or misdemeanor, depending on the facts.

The Board carries the burden of proof to establish by clear and convincing evidence that its rules were violated, through (a) Belcher's commission of a felony; and/or (b) Belcher's commission of a misdemeanor that relates to her position as a court reporter or that erodes confidence in the integrity of the court system; and/or (c) Belcher's failure to cooperate in, or her obstruction of, the Board's investigation of the complaints against her.

We begin with Board Rule No. 9.F.11, which defines the prohibited conduct subject to Board investigation as: "Refusal to cooperate in an investigation conducted by the Board or obstructing such investigation." We conclude clear and convincing evidence establishes that Belcher violated Board Rule No. 9.F.11 by her refusal to cooperate in the Board's investigation of these two cases. Certified copies of the complaints were mailed to Belcher, but that mail was not picked up. Consequently, an investigator twice had to go and find Belcher so she could be personally served with the complaints in these two cases.

Although personally served, Belcher did not file any documents in her case or appear for her formal hearing before the Board. By affidavit the appellate record shows that Doug Shima, Clerk of the Appellate Courts, contacted Belcher in August 2023 by phone to inform her this disciplinary case was set for hearing before the Supreme Court on September 15, 2023, at 10:30 a.m. Belcher did not appear at the hearing before this

10

court, nor did she provide any reason for her absence. From the time Belcher was first advised in May 2023 that her case was scheduled for hearing before this court, Belcher refused to cooperate with the Board's investigation. She filed no document responding to the disciplinary complaints filed against her and failed to appear for her formal hearing before the Board. Her complete lack of participation in any part of these disciplinary proceedings constitutes clear and convincing evidence of a violation under Board Rule No. 9.F.11, refusing to cooperate in the investigation.

The findings of fact that relate to the Board's conclusions concerning Board Rule No. 9.F.5 are serious: respondent seems to have committed the crimes of misdemeanor harassment by telecommunication device in violation of K.S.A. 21-6206, felony blackmail in violation of K.S.A. 21-5428, and either misdemeanor or felony battery in violation of K.S.A. 21-5413 had it occurred in Kansas. But the rules require this court to determine whether those findings are sufficient to prove Belcher "committed" the crime or crimes. Citing due process concerns, some members of the court assert the only way to establish the Rule 9.F.5 violations is through criminal convictions, where the State is required to prove the crimes were "committed" beyond a reasonable doubt.

We acknowledge there was testimony concerning Belcher's actions that indicate crimes may have been committed for which she could be convicted. But the issue is not whether we approve of her actions; the issue is the degree to which the facts clearly and convincingly establish that a certain point of accountability has been crossed. We cannot tell from the rule where that point is located. Disciplinary proceedings based merely on charges that a court reporter committed a crime, without a subsequent conviction, must be careful not to presume guilt. This aligns with principles that ensure a court reporter is not disciplined without clear and convincing evidence of misconduct, which a mere charge does not provide. If conviction is required, conviction has not been proved, and thus Belcher would not have violated the disciplinary rule. Since resolution of this

11

question would not change the discipline here, we will not address this issue and leave it unresolved for now.

The only remaining issue before us is the appropriate discipline for the respondent's violations. For attorney discipline, we receive guidance from the American Bar Association Standards for Imposing Lawyer Sanctions to help us determine appropriate discipline. That framework considers "four factors in determining punishment: (1) the ethical duty violated by the lawyer; (2) the lawyer's mental state; (3) the actual or potential injury resulting from the lawyer's misconduct; and (4) the existence of aggravating or mitigating factors." *In re Hodge*, 307 Kan. 170, 231, 407 P.3d 613 (2017).

While court reporter discipline has no counterpart to the ABA Standards for lawyers, we are similarly guided by their commonsense approach. Here, the ethical duty violated by respondent was her duty to cooperate with the Board's investigation of the complaints against her and not to obstruct the Board's efforts in that regard.

There was some evidence that respondent claimed to have mental problems. However, evidence submitted did not support that assertion. As to injury, Belcher's failure to file a response or appear for any hearing shows a lack of cooperation in the Board's resolution of these matters.

Finally, we address the existence of any aggravating or mitigating factors. Here, the Board did not address aggravating or mitigating factors other than in alluding to the serious nature of Belcher's proven misbehavior.

The Board may recommend the following discipline to the Kansas Supreme Court: (1) public reprimand; (2) imposition of a period of probation with special conditions

12

which may include additional professional education or re-education; (3) suspension of the certificate; or (4) revocation of the certificate. Board Rule, No. 9.E.4 (2024 Kan. S. Ct. R. at 463). Here, the Board recommends revocation of Belcher's certificate.

Having considered all matters necessarily raised and proven, we find the appropriate discipline is revocation of Belcher's certificate as a certified court reporter.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Jessica K. Belcher be and is hereby disciplined by revocation of her certificate as a certified court reporter.

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports.